Filed 1/6/25  P. v. Haobsh CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PIERRE HAOBSH,<br><br>    Defendant and Appellant. | 2d Crim. No. B320178<br>(Super. Ct. No. 1494152)<br>(Santa Barbara County) |

Pierre Haobsh appeals after the trial court found him guilty of three counts of first degree murder (Pen. Code, § 187, subd. (a))[1] and found true the special circumstance allegations of financial gain and multiple murders (§ 190.2, subds. (a)(1), (a)(3)).  The trial court also found true the firearm enhancement allegation (§ 12022.53, subd. (d)) and sentenced appellant to life without the possibility of parole plus 25-years-to-life on each count, with each sentence to be served consecutively.

---

[1] All further statutory references are to the Penal Code.

We appointed counsel to represent appellant in this appeal. After an examination of the record, counsel filed an opening brief raising no arguable issues. Appellant filed a supplemental brief that also raises no arguable issues.[2] We affirm.

On March 23, 2016, Dr. Weidong (Henry) Han, his wife Huijie (Jennie), and their five-year-old daughter, Emily, were found dead, their bodies wrapped in plastic sheeting in the garage of the family home. They had each been shot multiple times.

Two days after the murders, appellant was arrested. A search of his vehicle revealed two firearms, including a 9-millimeter handgun and a .22-caliber Ruger pistol with a threaded barrel, which was later determined to be the murder weapon. Police also recovered a homemade suppressor, .22-caliber ammunition, Dr. Han's and Jennie's iPhones and Dr. Han's iPad, each wrapped in aluminum foil, Dr. Han's wallet, credit card, and various receipts for items purchased by appellant prior to the murders, including tools to make a homemade suppressor, plastic sheeting, and duct tape.

After appellant's arrest, Thomas Direda ("TJ") contacted police and reported that appellant confessed to killing the Han family and needed help moving the bodies. Appellant repeatedly texted TJ, with his final text stating: "'Yep. Am screwed. They just found everything. My lives [sic] over. Only if I got it all sooner, like this morning.'"

Appellant was charged with three counts of first degree murder along with the special circumstances and firearm

_____

[2] We granted appellant's request to file his petition for a writ of habeas corpus and appendices, filed in the United States Supreme Court, as his supplemental brief.

enhancement allegations. The Santa Barbara District Attorney's Office announced its plan to seek the death penalty. Prior to trial, the parties reached an agreement whereby the People would withdraw their request to seek the death penalty, and appellant agreed to a court trial. The parties also stipulated that the trial court could consider preliminary hearing testimony and exhibits.

At trial, the People presented extensive forensic evidence connecting appellant to the murders. Appellant testified in his own defense. He claimed he was framed for the murders by a group of operatives with the department of energy. After listening to testimony and considering all the evidence, the trial court found appellant guilty as charged.

In his "supplemental brief," which consists of four volumes and an appendix, appellant makes a number of claims attacking his conviction and challenging the sufficiency of the evidence. For example, he contends the prosecution's expert witness testimony regarding the "firearm tool marks" was unfounded, biased, and failed to account for alternative explanations. Appellant alleges law enforcement and the prosecution willfully suppressed evidence and "malicious[ly] and fraudulent[ly]" modified the trial court transcript. He also asserts his pretrial agreement stipulating to the admission of evidence from the preliminary hearing violated due process and deprived the trial court of jurisdiction. We are not persuaded.

To the extent appellant challenges the sufficiency of the evidence, our task is clear. We review the entire record in the light most favorable to the prosecution and draw all reasonable inferences in support of the judgment. (*People v. Bolin* (1998) 18 Cal.4th 297, 331; *Jackson v. Virginia* (1979) 443 U.S. 307, 319.)

3

We do not reweigh the evidence or reassess the credibility of witnesses. (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.) "A reversal for insufficient evidence 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support"'" the conviction. (*Ibid.*, quoting *Bolin*, *supra*, at p. 331.)

Here, the prosecution presented over three weeks of witness testimony, which focused primarily on evidence discovered at the crime scene, forensic analysis, appellant's motive of financial gain, his extensive preparation and planning of the murders, surveillance video, receipts, location data, and a trove of evidence discovered in his vehicle after his arrest, including the murder weapon. After considering all the evidence presented by both the prosecution and defense, the trial court concluded: "The evidence in my mind that was presented to the Court proves beyond any possible doubt, even a shadow of a doubt, I have no doubt whatsoever of the Defendant's guilt of the charges and allegation."

Appellant's contentions are simply a request to this court to reweigh the evidence and come to a different conclusion than the trial court. We decline to do so.

Furthermore, appellant's challenge to his pretrial agreement stipulating to the evidence the trial court could consider from the preliminary hearing is meritless. (See *People v. Dessauer* (1952) 38 Cal.2d 547, 552 ["A waiver or failure to object to the admission of evidence precludes objection on appeal"].)

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with her responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436.)

*Disposition*

The judgment is affirmed.

<u>NOT TO BE PUBLISHED</u>.


YEGAN, Acting P. J.


We concur:


BALTODANO, J.


CODY, J.


5

Brian E. Hill, Judge

Superior Court County of Santa Barbara

_____

Jeralyn Keller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.